David A. HILL, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 21126.

United States Court of Appeals
Ninth Circuit.

May 5, 1967.

Gerald Vance Dicker, Beverly Hills, Cal., for appellant.

John K. Van de Kamp, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., William J. Gargaro, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge:

David A. Hill, appellant herein, and Andrew H. Miller were charged in the United States District Court for the Southern District of California, Central Division, with having "on or about November 10, 1965 * * * knowingly sold and facilitated the sale * * * of marihuana, which said marihuana, as the defendant then and there well knew, theretofore had been imported and brought into the United States contrary to law."[1] Appellant was convicted by

1. Appellant was charged with violating 21 U.S.C. § 176a which provides:

"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have

been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not

a jury and sentenced to a term of imprisonment. He appealed to this court which has jurisdiction under 28 U.S.C. § 1291.

The evidence disclosed that on the afternoon of November 8, 1965, an informant introduced Federal Bureau of Narcotics Agent Restow to appellant. Restow stated that he was seeking to purchase marihuana. Appellant replied that he could furnish marihuana in quantities, but would have to contact his partner who was involved in the business. The informant, the appellant, and Restow then went to a restaurant where appellant left the group and made a telephone call. As a result of this call Miller arrived at the restaurant and was introduced by appellant to Restow. Restow told Miller that Hill said Miller could sell him marihuana. Miller replied, "Yes, it could be arranged." Restow asked the price and Miller asked appellant, "What did you tell him?" Appellant replied, "I told him $125 a kilo." Restow then gave Miller $250 in government funds and Miller counted out $30 and handed it across the table to appellant. It was agreed that Miller and Restow would meet again at 9:45 p. m. that night for the delivery of the marihuana. This meeting broke up in the afternoon, and thereafter Restow never saw nor had any contact or conversation with appellant.

On the evening of November 8, Miller and Restow met in accordance with the appointment. Miller stated that he did not have the marihuana; that he was unable to locate his connection; and that he would not be able to make the delivery until the following day, the 9th of November. Restow then asked for his money back and Miller returned $250 to Restow. Referring to the appellant, Miller said, "David is leaving town in the morning. I'll just let him keep the $30 if you're sure you're going to make the purchase." Miller met Restow on November 9, but was again unable to deliver the marihuana. Delivery was arranged for that evening, but Miller failed to show up at the appointed time. On November 10, Restow and Miller met and, after driving an automobile for some distance, Miller delivered the marihuana, receiving, in turn, Restow's money. At appellant's trial, Miller testified that he had not seen appellant after November 8 and indicated that appellant had left town. Miller also testified that he obtained the marihuana in question from a woman in Hollywood known as Jennie.

The court instructed the jury as to "aiding and abetting" and as to a "common plan," specifying that if a common plan did exist and the defendant was a member of the common plan, the acts and statements of other members of the common plan were admissible against the defendant even though made in his absence. These instructions are set out in the margin.[2]

less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

The record does not disclose what disposition of the indictment was made as to Miller. The only defendant tried in the present action was the appellant.

2. "The guilt of a defendant may be established without proof that the accused personally did every act constituting the offense charged. Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal. Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal. Every person who thus willfully participates in the commission of a crime may be found to be guilty of that offense."

* * * * *

"In order to aid and abet another to commit a crime it is necessary that the accused willfully associate himself in some way with the criminal venture and willingly participate in it as he would in something he wishes to bring about. That is to say, that he willfully seek by some

To be guilty of violating 21 U.S.C. § 176a it must be established beyond a reasonable doubt that the defendant knew the marihuana had been imported and brought into the United States contrary to law. Section 176a, however, contains the following paragraph:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

In this case the prosecution introduced no evidence of appellant's knowledge that the marihuana had been imported illegally and, therefore, relied upon the above quoted presumption. In order to rely upon this presumption, the prosecution must prove that the appellant had possession of the marihuana. This possession might be actual or constructive, i. e., having the narcotic drugs in one's control or under one's dominion. See Hernandez v. United States, 300 F.2d 114, 117 (9th Cir. 1962) and cases cited.

The evidence in this case is entirely devoid of any facts which would establish that the appellant at any time had either actual or constructive possession of the marihuana delivered to Agent Restow on November 10. Neither Miller nor Agent Restow saw appellant after November 8; there was no evidence showing that appellant had possession, either actual or constructive, on that date or at any time thereafter. Miller testified that he purchased the marihuana from a third person and delivered it to Restow on November 10. In no way was appellant shown to be involved with this delivery. In fact, Miller testified that he told appellant to "stay away from Jinnie (sic), to leave her alone." Miller testified as follows:

"Q. You were the only person—Mr. Hill could not deal with Jinnie (sic) on a business basis, isn't that correct?

"A. That's correct.

act or omission of his to make the criminal venture succeed."

\* \* \* \* \*

"When two or more persons knowingly associate themselves to carry out a common plan, lawful or unlawful, there arises from the very act of knowingly associating themselves together for such a purpose a kind of partnership in which each member becomes the agent of every other member. So where the evidence in the case shows a common plan or arrangement between two or more persons evidence as to an act done or statement made by one is admissible against all, provided the act be knowingly done and the statement be knowingly made during the continuance of the arrangement between them and in furtherance of some object or purpose of the common plan of arrangement.

"In order to establish proof that a common plan or arrangement existed the evidence must show that the parties to the plan in some way or manner or through some contrivance positively or tacitly came to a mutual understanding to try to accomplish some common object or purpose.

"In order to establish proof that a defendant or any other person was a party to or a member of some common plan or arrangement the evidence must show that the plan was knowingly formed and that the defendant or other person who is claimed to have been a member knowingly participated in the plan with the intent to advance or further some object or purpose of the plan. In determining whether or not a defendant or any other person was a party to or a member of a common plan the jury are not to consider what others may have said or done; that is to say, the membership of a defendant or any other person in the common plan must be established by evidence as to his own conduct, what he himself knowingly said or did.

"If and when it appears from the evidence in the case that the common plan did exist and the defendant was one of the members then the act thereafter knowingly done and the statements thereafter knowingly made by any person likewise found to be a member may be considered by the jury as evidence in the case as to the defendant found to have been a member, even though the acts and statements may have occurred in the absence and without the knowledge of the defendant, provided such acts and statements were knowingly done and made during the continuance of such common plan and in furtherance of some object or purpose of the plan."

"Q. Only you could, isn't that correct?

"A. At that time, that's correct."

In United States v. Jones, 308 F.2d 26, 30–31 (2d Cir. 1962) the court stated:

"[O]ne having a working relationship or a sufficient association with those having physical custody of the drugs so as to enable him to assure their production, without difficulty, to a customer as a matter of course may be held to have constructive possession. But a casual facilitator of a sale, who knows a given principal possesses and trades in narcotics but who lacks the working relationship with that principal that enables an assurance of delivery, may not be held to have dominion and control over the drug delivered and cannot be said to have possession of it."

As in *Jones*, there is here no evidence of such dominion and control over the narcotics by the appellant to justify reliance on the statutory presumption of knowledge.

The government's reliance on Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Anthony v. United States, 331 F.2d 687 (9th Cir. 1964); Cellino v. United States, 276 F.2d 941 (9th Cir. 1960) and other similar cases, is misplaced. In all of these cases there was far more evidence of possession, either actual or constructive, than was presented here. Since the government could not rely on the statutory presumption of knowledge when possession is shown, there was a total failure of proof of appellant's knowledge that the particular marihuana sold to Restow had been illegally imported into the United States.

■ Appellant has objected to the "aiding and abetting" and "common plan" instructions quoted in footnote 2. Under these instructions the jury was permitted to find the appellant guilty as an aider or abettor or a participant in a common plan. This could not be done in the present case because, as pointed out in Hernandez v. United States, 300 F.2d 114 (9th Cir. 1962), the fact that one is an aider or abettor or a participant in a common plan is not enough to convict in a narcotics case unless he either knew that the narcotics had been unlawfully imported or himself had actual or constructive possession. In this case the instructions in reference to "aider and abettor" or "common plan" should not have been given, or the district court should have emphasized the requirement of finding possession in the appellant personally.

Judgment reversed.