**Henry E. PRATTI, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20289.**

United States Court of Appeals
Ninth Circuit.

Jan. 4, 1968.

As Modified Jan. 24, 1968.

---

See also 9 Cir., 350 F.2d 290.

Jay R. Mayhall (argued), San Francisco, Cal., for appellant.

Roger Browning, Asst. U. S. Atty. (argued), William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Robert M. Talcott, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MADDEN, Judge, Court of Claims, and MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Convicted on both counts of an indictment charging violations of 21 U.S.C. § 174, Pratti appeals. The first count charged that Pratti and one Barbara Rodriguez knowingly and unlawfully received, concealed, and facilitated the concealment and transportation, and the second that the same parties knowingly and unlawfully sold and facilitated the sale to an Undercover Assistant of the Federal Bureau of Narcotics, of 10.870 grams of heroin, a narcotic drug, which, as the defendants then and there well knew, previously had been imported into the United States of America contrary to United States Code, Title 21, section 173.

The evidence is sufficient to sustain the conviction. The principal defense was entrapment. We agree with the trial judge that the evidence would permit a jury to find entrapment. It does not, however, require such a finding. In reference to this defense, Pratti's counsel asked the court to give Mathes' instruction No. 4.12 (27 F.R.D. 84–85), substantially the same instruction that was given in Notaro v. United States, 9 Cir., 1966, 363 F.2d 169, 173, except that as given in this case it nowhere referred to the burden of proof. He also requested the following instruction:

"One of the defenses to the charges is that of entrapment. It is the duty of the Government to satisfy you beyond a reasonable doubt that the defendant was not entrapped into committing the acts which, absent the entrapment, constitutes [sic] the offenses. If the Government fails to convince you beyond a reasonable doubt that the defendant was not entrapped, into committing the offences,

[sic], then you must find the defendant not guilty on both counts of the indictment."

The court gave the Mathes' instruction 4.12, but refused the quoted instruction. For the reasons stated in *Notaro*, this was error, and the judgment must be reversed.[1] We do not hold that it was error not to use the exact language proposed by counsel. But the substance of the instruction should have been given. It would have supplied the ingredient that was held to be necessary in *Notaro*. See 363 F.2d at 176.

 The court read to the jury the language of section 174 dealing with possession and its consequences, Mathes' instruction 24.08 (27 F.R.D. 168), and also gave instructions defining constructive possession and actual possession, Mathes' No. 24.09 (27 F.R.D. 169). Pratti's counsel did not object, but Pratti now assigns the latter instruction as error. F.R.Crim.P., Rule 30, precludes this assignment unless we find "plain error." See White v. United States, 9 Cir., 1963, 315 F.2d 113, 115, cert. denied, 375 U.S. 821, 84 S.Ct. 58, 11 L.Ed.2d 55. Counsel asserts that there is no evidence to support a finding of constructive possession by Pratti, citing United States v. Hernandez, 2 Cir., 1961, 290 F.2d 86, 90. One version of the evidence is that a government informer paid Pratti $110 for the heroin and that Pratti then caused one "John" to deliver the heroin to Rodriguez, who in turn, handed it to the informer. The jury could find, although it was not required to find, from this evidence that Pratti was "able, without difficulty, to cause the drug to be produced for a customer" and that he was more than a "casual facilitator" (*Hernandez*, supra). Counsel also urges that the evidence cannot support a finding of actual possession by Pratti. Again we disagree. The testimony of a watching government agent would support a finding that Pratti, while standing on a sidewalk a short distance from a car in which Rodriguez was sitting, obtained the narcotic from "John," walked with it back to the car and there gave it to Rodriguez. Counsel's attack on the agent's testimony would be a good argument to a jury; it does not convince us that the testimony, and the reasonable inferences that it supports, would not support a finding of actual possession. It was not error, much less "plain" error, to give Mathes' No. 24.09.

 The court also instructed the jury on aiding and abetting (Mathes' Nos. 2.05, 2.07, 27 F.R.D. 53, 54) and on acts or declarations of a confederate-common plan, (Mathes' No. 2.10, id. at 56–57). Counsel objected, at trial, to the aiding and abetting instructions. They were not mentioned in Pratti's opening brief on appeal. In his reply brief, however, counsel asserts error, citing Hill v. United States, 9 Cir., 1967, 379 F.2d 811. The Hill case had not been decided at the time when counsel filed his opening brief, and the objection made at the trial was not based upon the Hill decision. Since the case must be retried, we suggest that in view of the rationale of *Hill*, it would be wiser to omit the aiding and abetting instructions. The evidence that Pratti had constructive or actual possession is not overly strong, and only his possession will permit the use of the so-called presumption created by section 174 against him. The common plan instruction, if given, should also be clarified in the light of the decision in *Hill*. See also Hernandez v. United States, 9 Cir., 1962, 300 F.2d 114.

Reversed and remanded for a new trial.

---

1. *Notaro* was decided July 11, 1966. The present case was tried January 5, 6 and 7, 1965. We cannot fault the trial judge for not anticipating *Notaro*.