**Joe Raymond CORTEZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22703.**

United States Court of Appeals Ninth Circuit.

Nov. 13, 1968.

Rehearing Denied Dec. 9, 1968.

Wm. T. Richert (argued), Fresno, Cal., for appellant.

Jo Ann Diamos (argued), Asst. U. S. Atty., Edward Davis, U. S. Atty., Tucson, Ariz., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

■ Appellant appeals in forma pauperis, appearing through appointed counsel. The first error urged (the trial court's refusal to sever the defendant's case from that of his two codefendants) is a matter lying fully within the trial court's discretion.

■ The second alleged error relates to the instructions given on "possession of narcotics" and "knowledge of importa-

tion." No objection was made to this instruction and appellant's principal reliance is on the case of Hill v. United States, 379 F.2d 811 (9th Cir. 1967). The instructions there given are indeed "similar to, and in part identical to the instructions quoted at p. 813" of that opinion. (Note 2) But in *Hill* there was "no proof the defendant had possession, either active or constructive." Id. at 813. In this case, the trial court held, after the Government rested, that "there is evidence here that there was constructive joint possession." R.T. 200. We agree that such evidence, though circumstantial, clearly existed, and was for the jury to pass upon. Thus the *Hill* case is no authority here.

■ The third alleged error was the use of an alleged incriminatory statement made by the codefendant Young in violation of the *Bruton* rule. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), made retroactive by Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

We cannot agree that the statement made by Miss Young ("I told them something was going to go wrong. I just had that feeling." R.T. 184) is an incriminating statement. It states no fact implicating anyone. Cortez' name was not mentioned. It mentions no fact connected with a criminal act. Miss Young asked Custom Agent Klink, "how the customs officers knew where to find them." Klink replied that, "the Arizona Highway Patrol had alerted customs." Miss Young then volunteered her statement quoted above. Surely this is not "the powerfully incriminating extrajudicial statement[s] of a codefendant * * * deliberately spread before the jury." 391 U.S. at 135–136, 88 S.Ct. at 1628.

Secondly, no question was asked Miss Young and no interrogation took place. She volunteered the statement after *Miranda* type warnings had been care-

* Honorable WILLIAM M. BYRNE, Senior United States District Judge, Los Angeles, Calif., sitting by designation.

fully given. Deck v. United States, 395 F.2d 89, 91 (9th Cir. 1968).

The trial court, at a hearing outside the presence of the jury, found the defendants were all advised of their constitutional rights as interpreted by Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1965). (R.T. 170–173). At the time of the arrest, they each acknowledged they knew of their rights and declined to make a statement, until Miss Young volunteered her statement.

Counsel for appellant concedes his position on this point would require us to go beyond *Miranda*. This we decline to do. Finding no error, we

Affirm.