**UNITED STATES of America,
Appellee,**

v.

**Myron Arnold LEVIN, Appellant.
No. 20705.**

United States Court of Appeals,
Eighth Circuit.

June 14, 1971.

Rehearing Denied July 9, 1971.

Lawrence J. Fleming, London & Greenberg, Norman London, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Levin has taken this timely appeal from his conviction by a jury on each of three counts of an indictment charging him with illegal sale of stimulant drugs in violation of 21 U.S.C. § 331(q) (2) (a) and the resulting sentence imposed.

Count One charged the illegal sale on June 17, 1970, of 50 tablets of methamphetamine hydrochloride, a depressant or stimulant drug within the meaning of 21 U.S.C. § 321(v) (2). Count Two charged illegal sale on July 9, 1970, of 2000 dextroamphetamine sulphate tablets and 15.2 grams of dextroamphetamine sulphate powder, depressant or stimulant drugs within the meaning of 21 U.S.C. § 321(v) (2). Count Three charged illegal sale on July 17, 1970, of 29.8 grams of dextroamphetamine powder, a depressant or stimulant drug within the meaning of 21 U.S.C. § 321(v) (2).

Defendant was sentenced to five years imprisonment on each count, the prison sentences to be served consecutively, and to a fine of $10,000 on each count, making a total sentence of fifteen years imprisonment and fines of $30,000.

Defendant bases his right to a reversal upon the following asserted errors made by the trial court:

I. Error in overruling defendant's motion for judgment of acquittal.

II. Error in failing to instruct the jury that in order to convict they had to find beyond a reasonable doubt that the substances sold were depressant or stimulant drugs within the meaning of the statute and in assuming in the instructions facts within the province of the jury.

III. Error in failing to instruct the jury that the burden was on the Government to prove that the defendant was not entrapped.

IV. Error in refusing to allow defendant to refute points raised by the Government in rebuttal.

V. Error in imposing an excessive sentence which constitutes cruel and inhuman punishment in violation of the Eighth Amendment.

We are not persuaded that the trial court committed any prejudicial error. We affirm the conviction. We shall discuss the asserted errors in the order above stated.

### I.

Defendant made timely motions for acquittal as to each count at the close of the Government's evidence and again at the close of all of the evidence on the grounds that the Government had failed to state a cause of action and that the Government had failed to make out its case beyond a reasonable doubt as a matter of law. Defendant in brief states the motion for acquittal should have been sustained for the reason that the evidence will not support a jury finding that dextroamphetamine sulphate, the substances involved in Counts Two and Three, is a depressant or stimulant drug. The Government proved and defendant as a witness admitted that he made the drug sales charged in the indictment and that such sales were not made in the ordinary course of business pursuant to a prescription. A qual-

ified chemist testified that the Count One drug was methamphetamine and that the Count Two and Count Three drug was dextroamphetamine sulphate. The chemist did not testify that the drugs were depressive or a stimulant.

The resolution of this issue requires an examination of the pertinent statutes. Twenty-one U.S.C. § 360a(b) [1] in force at times here material provides:

"No person, other than—

"(1) a person described in subsection (a) of this section, while such person is acting in the ordinary and authorized course of his business, profession, occupation, or employment, * * * shall sell, deliver, or otherwise dispose of any depressant or stimulant drug to any other person."

Twenty-one U.S.C. § 321 to the extent here material reads:

"For the purpose of this chapter—

\* \* \* \* \* \*

"(v) The term 'depressant or stimulant drug' means—

"(2) any drug which contains any quantity of (A) amphetamine or any of its optical isomers; (B) any salt of amphetamine or any salt of an optical isomer of amphetamine; or (C) any substance which the Secretary, after investigation, has found to be, and by regulation designated as, habit forming because of its stimulant effect on the central nervous system; "

Twenty-one C.F.R. § 320.3, revised as of January 1, 1970, reads:

"Section 320.3. Listing of drugs defined in section 201(v) of the act.

"(a) The Director designates all drugs, unless exempted by regulations in this part, containing any amount of

---

1. This statute as well as some of the other statutes here pertinent was repealed by Public Law 91–513 enacted October 27, 1970, as part of a new act entitled "Comprehensive Drug Abuse Prevention and Control Act of 1970". The repeal does not abate pending prosecutions. See §§ 701, 702, P.L. 91–513.

the following substances as depressant or stimulant drugs:

&ast; &ast; &ast; &ast; &ast; &ast;

"(3) Dextroamphetamine &ast; &ast; &ast; or any salt of dextroamphetamine &ast; &ast; &ast;. The following is a partial list of amphetamine products:

"Dextroamphetamine sulphate.

&ast; &ast; &ast; &ast; &ast; &ast;

"(b) The Director has investigated and designates all drugs, unless exempted by regulations in this part, containing any amount of the following substance as having potential for abuse and habit forming because of their stimulant effect on the nervous system:

"d-, dl—Methamphetamine and their salts."

The foregoing is part of the regulations promulgated by the Director of the Bureau of Narcotics and Dangerous Drugs pursuant to the Act. The regulation is published at 34 F.R. 19654, December 13, 1969.

The President by Reorganization Plan No. 1 of 1968, acting under authority conferred in Title 5 of U.S.C. § 901 et seq., transferred to the Attorney General the functions of the Secretary of Health, Education and Welfare, under the Drug Abuse Control amendments of 1965, and created a Bureau of Narcotics and Dangerous Drugs in the Department of Justice. The reorganization plan became effective on April 8, 1968. The plan may be found at 33 F.R. 5611 and app. Vol. 5 and 6, U.S.C.A., pp. 16–19. Included in its provisions is the following:

"The Attorney General may from time to time make such provisions as he shall deem appropriate authorizing the performance of any of the functions transferred to him by the provisions of this reorganization plan by any officer, employee, or organizational entity of the Department of Justice."

Section 320.4 of 21 C.F.R., provides:

"*Procedure for the issuance, amendment, or repeal of regulations defining substances as habit forming or as having a potential for abuse.*

"(a) Under the provisions of section 201(v) (2) and (3) of the Act, the Director, under authority delegated to him by the Attorney General (28 CFR 0.200),[2] is authorized to conduct investigations and promulgate regulations for the purpose of:

"(1) Designating any drug containing any quantity of any substance as habit forming because of its stimulant effect on the central nervous system; or &ast; &ast; &ast; "

The Tenth Circuit in Iske v. United States, 10 Cir., 396 F.2d 28, and the First Circuit in White v. United States, 1 Cir., 395 F.2d 5, have considered and upheld the pertinent provisions of the drug control act in issue here. We recognize that the defendant is not attacking the constitutionality of the delegation to the Secretary of the power to designate proscribed stimulant drugs. Nevertheless, the discussion in the cited cases of the legislative history and purpose of the Act is persuasive on the intention of Congress to delegate to a responsible official the right to designate drugs which have a potential for abuse.

Defendant makes a two-pronged attack on Regulation § 320.3. He urges that the regulation was not promulgated by the Secretary of Health, Education and Welfare. The Secretary's power in this respect was lawfully transferred to the Attorney General by the adoption of reorganization Plan No. 1 of 1968. The Director of the Bureau of Narcotics and Dangerous Drugs was

2. The correct citation is 28 CFR 0.100. It states as follows:

"28 CFR 0.100

"Subject to the general supervision of the Attorney General, the exercise of the powers and performance of the functions vested in the Attorney General by sections 1 and 2 of Reorganization Plan No. 1 of 1968 are assigned to and shall be conducted, handled, or supervised by the Director of the Bureau of Narcotics and Dangerous Drugs."

authorized by the Attorney General to perform the powers with respect to dangerous drugs which were transferred to the Attorney General by the Reorganization Plan.

■ The second prong of the attack is that there is no statement contained in § 320.3 that an investigation has been made as to whether the drug is a stimulant or depressant or as to whether the drug is habit forming. We reject such attack. We believe it is fair to assume that the Director complied with the statutory mandates in absence of proof to the contrary and do not believe that Congress contemplated that the Director would have to establish that he used appropriate procedures in every criminal proceeding.

Moreover, under 21 U.S.C. § 321(v) (2) (B) a depressant or stimulant drug is defined as any drug which contains any salt of amphetamine or any salt of an optical isomer of amphetamine. The regulation classifies dextroamphetamine sulphate as a depressant or stimulant drug under such statutory authority.

■ We note that defendant in his brief does not attack the sufficiency of the evidence to support the Count One conviction based on the sale of methamphetamine hydrochloride except to the extent that he complains that the court took judicial notice of the regulation which had been published in the Federal Register. The Federal Register Act, 44 U.S.C. § 1507, allows a court to take judicial notice of the regulations published in the Federal Register. Publication is not disputed. The court properly denied the motions for acquittal.

## II.

■ Defendant urges that an essential element of the offenses charged is that the drug is in fact a depressant or stimulant and that the court committed plain error in not advising the jury that the Government must prove the drugs sold contained proscribed drugs, or were properly found to be stimulant or depressive and habit forming by the Secretary.

It is conceded that such issue was not raised in the trial court by exception to instructions or request for instructions. Review of asserted errors in instructions is precluded by Rule 30, Fed.R.Crim.P., by reason of defendant's failure to lay the proper foundation by taking exception in the trial court. United States v. Edwards, 8 Cir., 443 F.2d 1286 (1971); Petschl v. United States, 8 Cir., 369 F.2d 769, 773. This court, however, in absence of appropriate exceptions, may note plain error under Rule 52(b), Fed. R.Crim.P. We have recently held that the plain error rule should be applied with caution and should be invoked only to avoid a miscarriage of justice. United States v. Edwards, supra; Chubet v. United States, 8 Cir., 414 F.2d 1018, 1021. No plain error has been committed. We hold in Division I that Congress conferred upon the Secretary the power to designate drugs of the kind proscribed by the Act and that this power was properly transferred to the Director and implemented by him with respect to the drugs here in controversy. No fact issue exists with respect to the drugs here involved being on the prohibited list.

■ We are satisfied that Congress intended that the effect of an authorized designation by the Director would be the same as if the drugs were specifically designated as dangerous in the statute. Congress did not intend with respect to drugs properly designated as dangerous that proof of depressant or stimulant effects or habit forming propensities would be an essential element of the offense. See White v. United States, supra, pp. 9–10 of 395 F.2d; United States v. Synnes, 8 Cir., 438 F.2d 764, 771–772.

## III.

■ The court's instructions on entrapment included:

"The court instructs you that should you find beyond a reasonable

doubt from the evidence in the case that before anything at all occurred respecting the alleged offense involved in this case, the accused was ready and willing to commit crimes such as charged in the indictment, whenever opportunity was offered and that the government agents did no more than offer the opportunity, the accused is not entitled to defense of unlawful entrapment.

"The court further instructs you that should you find from the evidence in this case that the accused had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the government, then the defense of unlawful entrapment is a good defense and a jury should acquit the defendant."

Defendant took no exception to the instructions given nor did he request any amplification of the instructions. He asserts that plain error exists in that the court in the second paragraph of the portion of the instruction quoted placed the burden of proof of entrapment on the defendant. Defendant for reversal relies on Notaro v. United States, 9 Cir., 363 F.2d 169, and Pratti v. United States, 9 Cir., 389 F.2d 660. In each of said cases exceptions were made to the instructions. In Robison v. United States, 9 Cir., 379 F.2d 338, wherein an instruction similar to that here involved was given but no exceptions were taken, the court affirmed the conviction. In United States v. Conversano, 3 Cir., 412 F.2d 1143, 1149, the court, in face of a similar entrapment instruction not excepted to, affirmed, holding:

"While it has been held that the burden is on the Government to prove beyond a reasonable doubt that the defendant was not entrapped when that defense is properly raised, United States v. Landry, 257 F.2d 425 (C.A.7, 1958) it also has been held that the trial court's refusal to so charge upon request is reversible error, Pratti v.

United States, 389 F.2d 660 (C.A.9, 1968), but we reiterate that since no objection to the charge on this point was made, we, therefore, must deem the general instructions given on the burden of proof to be broad enough to have covered the issue of entrapment. United States v. Salas, 387 F.2d 121 (C.A.2, 1967)."

We consider the challenged instruction somewhat ambiguous and capable of improvement. However, the instruction does not expressly put the burden of proving entrapment on the defendant. Instructions should be considered as a whole. The court in its instructions clearly points out that defendant is entitled to the presumption of innocence, that no burden rests upon the defendant to prove his innocence, that the burden of proof of guilt rests at all times upon the prosecution and never shifts, and that the defendant cannot be convicted unless and until the proof offered by the prosecution convinces the jury beyond a reasonable doubt of the guilt of the defendant.

In this case, the evidence of guilt is strong, the evidence of entrapment is weak. We are satisfied that proper standards are set out by the instructions as a whole and that the jury was not misled by the instruction complained of. Defendant has failed to establish that the court has committed plain error.

IV.

■■■■ Defendant as a witness admitted he made the sales charged by the Government. He denied that he had made any other illegal sales. On rebuttal, the Government offered proof that an audit of defendant's controlled drugs revealed that he had received drugs that could not be accounted for by his prescriptions, stock on hand, and the illegal sales involved in this case. The shortages disclosed amounted to 14,855 tablets of methamphetamine hydrochloride and 45 grams of dextroamphetamine sulphate powder. Defendant made no indication that he desired to offer surrebut-

tal testimony. The court adjourned for the day. The next morning, defendant's attorney sought to reopen the case to permit defendant to take the witness stand and explain the inventory discrepancy by showing that he sold the Government agents more drugs than disclosed by the agents' testimony. The court refused to reopen the case stating the proposed testimony is not responsive to the Government's rebuttal testimony. The trial court has a large discretion with respect to permitting additional evidence after all parties have rested. 23 C.J.S. Criminal Law §§ 1050b and 1056b.

The Government agents had testified in their direct examination as to the quantity of drugs sold which corresponded with the indictment allegations. Defendant testified upon his own behalf and had an opportunity to controvert the testimony as to the amount of the sales but did not do so. Instead, he in substance admitted the sales claimed by the Government.

The inventory audit testimony has no direct bearing on defendants' guilt of the crimes with which he is here charged. We are satisfied that the testimony tendered by the defendant, if received, would have had no effect on the verdict. We find that the court committed no prejudicial error in refusing to reopen the case.

## V.

 Lastly, defendant urges that he has had no prior criminal convictions and that the maximum sentence imposed on each count with the provision that the sentences be served consecutively constitutes cruel and unusual punishment violative of the Eighth Amendment. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, cited by the defendant, affords him no aid. The Court majority affirmed consecutive sentences for three narcotic violations arising out of the same transaction. The Supreme Court majority held that it has no power to review sentences im-

posed within the limits prescribed by Congress for the offense. Moreover, this case is distinguishable in that it involves three separate transactions occurring on three separate days. Thus it is far from certain that the Gore minority would find consecutive sentences under the circumstances here existing improper.

We have refused to review sentences imposed within statutory limits. McWilliams v. United States, 8 Cir., 394 F. 2d 41, 48.

We have carefully examined the record and find that no prejudicial error has been committed and that the defendant has had a fair trial.

The judgment of conviction is affirmed.