**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Pete MARTINEZ-VILLANUEVA and George Callahan, Defendants-Appellants.**

**No. 71–2133.**

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Certiorari Denied Oct. 16, 1972. See 93 S.Ct. 236.

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Louis H. Bernstein (argued), Beverly Hills, Cal.; Burton Marks, of Marks, Sherman, Schwartz & Levenberg, Beverly Hills, Cal., for appellants.

Earl E. Boyd, Asst. U. S. Atty. (argued), Eric A. Nobles, Elgin C. Edwards, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM.

Appellants Pete Martinez-Villanueva and George Callahan were convicted, after a jury trial, with having received, concealed and sold heroin without first obtaining written order forms from the Secretary of the Treasury in violation of 21 U.S.C.A. § 174 and 26 U.S.C.A. § 4705 (a).

Appellants' contentions regarding failure of proof that they had sufficient control over the heroin to support a conviction has been dealt with in Juvera v. United States, 378 F.2d 433 (9th Cir. 1967) and the facts as presented in this case meet the dictates of *Juvera.*

[redacted] The granting of a motion for severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure is a matter within the sound discretion of the trial court and will not be overruled by this court without a showing of clear prejudice, which has not been shown to be the case here. Cortez v. United States, 405 F.2d 875 (9th Cir. 1968).

The issue of the constitutionality of the Ninth Circuit rule that criminal defendants must admit the elements of a crime in order to avail themselves of the defense of entrapment, Wright v. United States, 391 F.2d 542 (9th Cir. 1968), is moot because the trial court gave an entrapment instruction to the jury and did not require appellants to conform to the rule as a condition of asserting the defense nor the giving of the entrapment instruction.

[redacted] The order of proof at trial is a matter within the sound discretion of the trial court and will not be overturned in the absence of prejudicial error and none has been shown in this case. Enriquez v. United States, 293 F.2d 788 (9th Cir. 1961).

Accordingly, it is the opinion of this court that the decision of the trial court should be, and the same hereby is affirmed.

* Honorable J. Blaine Anderson, United States District Judge, District of Idaho, sitting by designation.