LOBRANO, Judge.
Defendant, Wendell A. Martin, was charged by grand jury indictment with the second degree murder of Leo Purcell, a violation of LSA R.S. 14:30.1. On August 26,1985 defendant pled not guilty. Following a jury trial defendant was found guilty as charged. On February 10,1986, defendant was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence with credit for time served.
FACTS:
On April 24, 1985, Leo Purcell was found shot to death in front of Sams Restaurant at the intersection of Erato and South Rampart Streets in the City of New Orleans.
During the homicide investigation, Officer Marco Demma located two witnesses to the shooting, Marilyn Johnson and Donna Nettles. Neither witness testified at trial. Instead, Officer Demma, without objection, testified that both Johnson and Nettles told him they saw defendant kill Purcell and both identified defendant in photographic line ups.
Sheila Robinson, defendant’s girlfriend, testified that on the night of the murder, defendant telephoned her and admitted killing Purcell.
Defendant took the stand in his own behalf and he and two alibi witnesses testified that on the night in question he (defendant) bailed his friend, Walter Solomon, out of jail, stopped at the Burger King on Canal Street and then returned to his (defendant’s) home in New Orleans East for the rest of the evening.
Following cross-examination, defendant requested the trial court allow him to question himself. The court denied this request.
Prior to re-direct of defendant, defense counsel requested that he be allowed to confer with defendant. This request was also denied.
Dr. Larry H. Pardue, a psychiatrist, was called by the defense to impeach the credibility of Donna Nettles, whom the defense, through Dr. Pardue’s testimony, attempted to show was unreliable in her perceptions of reality and in her identification of defendant. During direct questioning regarding Ms. Nettles’ use of narcotics, Dr. Pardue’s testimony regarding her use of phencyclidine (P.C.P.) and its effects on her perceptions was objected to by the state and sustained by the trial court.
Defendant appeals his conviction and sentence alleging the following assignments of error:
1. The trial court erred in refusing to allow the defendant, who was acting as co-counsel, to either ask himself questions or speak with other trial counsel before submitting to redirect examination.
2. The trial court erred in refusing to allow the expert witness to give his opinion of the State’s witness’ propensity to fabricate and/or lie and/or manipulate people.
*154 Defendant originally filed twenty-nine' (29) Pro Se assignments of error. However, these were not briefed. Assignments of error neither argued nor briefed are considered abandoned on appeal. State v. Lawson, 446 So.2d 494 (La.App. 4th Cir.1984).
Defendant has filed, pro se, an out of time Motion for a New Trial.
Code of Criminal Procedure Art. 851 states the grounds upon which a Motion for New Trial may be based:
“The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court’s ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial would probably have changed the verdict or judgment of guilty;
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
Code of Criminal Procedure Article 853 mandates that these grounds must be asserted prior to sentencing, unless the basis for the motion falls under Section (3) of Art. 851, in which case a one year prescriptive period is applied. Defendant's motion for a new trial was not filed prior to sentencing nor does it assert new and material evidence discovered since sentencing. Defendant’s motion for a new trial is denied.
ASSIGNMENT OF ERROR 1:
Defendant asserts that the trial court erred in its refusal to allow defendant to question himself or to consult with his attorney prior to re-direct examination. Defendant bases this error on his assertion that the trial court granted his request to act as co-counsel. The record is confusing as to whether defendant was indeed allowed to act as co-counsel. The minute entry of November 25, 1985 indicates the trial court granted defendant his motion to act as co-counsel. A review of the trial transcript, however, does not fully support the minute entry. The transcript of November 25, 1985 reveals the trial court was not in receipt of defendant’s motion to be accepted as co-counsel and never granted defendant’s motion. Furthermore, there is absolutely no further discussion in either the minutes or the trial transcript concerning the granting or denying of defendant’s motion. Nor is there any evidence in the record that the defendant participated as co-counsel during trial on the merits.
Nevertheless, even assuming ar-guendo that defendant was granted his motion to be accepted as co-counsel, it is clear that a defendant who is represented by counsel has no Sixth Amendment right to participate as co-counsel; Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); United States v. Wolfish, 525 F.2d 457 (2nd Cir.1975), cert. denied, 423 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976); State v. McCabe, 420 So.2d 955 (La.1982); State v. Bodley, 394 So.2d 584 (La.1981).
Furthermore, there is no statutory nor jurisprudential rule that grants a defendant witness an absolute right to confer with counsel after cross examination and immediately prior to re-direct examination.
The trial judge’s power to control the progress and, within the limits of the adversary system, the shape of the trial includes broad power to sequester witnesses *155 before, during and after their testimony. Holder v. United States, 150 U.S. 91, 92, 14 S.Ct. 10, 10, 37 L.Ed. 1010 (1893); United States v. Robinson, 502 F.2d 894 (7th Cir.1974); United States v. Eastwood, 489 F.2d 818, 821 (5th Cir.1974).
The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process. To this end, he may determine generally the order in which parties will adduce proof; his determination will be reviewed only for abuse of discretion. Goldsby v. United States, 160 U.S. 70, 74, 16 S.Ct. 216, 218, 40 L.Ed. 343 (1895); United States v. Martinez-Villanueva, 463 F.2d 1336 (CA 9, 1972); Nelson v. United States, 415 F.2d 483, 487 (CA 5, 1969), cert. denied, 396 U.S. 1060, 90 S.Ct. 751, 24 L.Ed.2d 754 (1970).
Defendant relies on the United States Supreme Court’s reversal of the defendant’s conviction in United States v. Geders, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). Geders was denied access to his attorney during a seventeen hour recess.
The facts in Geders are far different from those of the instant case. The court in Geders distinguished the facts before it from other cases in which defendant-witnesses were prohibited from conferring with counsel. The high court stated:
“The challenged order prevented petitioner from consulting his attorney during a 17-hour overnight recess, when an accused would normally confer with counsel. We need not reach, and we do not deal with limitations imposed in other circumstances. We hold that an order preventing petitioner from consulting his counsel ‘about anything’ during a 17-hour overnight recess between his direct and cross-examination impinged upon his right to the assistance of counsel guaranteed by the Sixty Amendment.” Id. 96 S.Ct. at 1337.
All of the factors that weighed in favor of Geders weigh against defendant.
Here, there was no scheduled recess. Defendant requested the recess. Any recess granted would have been limited to a few minutes with the only possible subject of discussion being defendant’s testimony on re-direct. Thus, no “sustained barrier of communication between a defendant and his lawyer” was created. Geders, supra.
We find no abuse of discretion on the part of the trial court.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant asserts the trial court erred in refusing to allow Dr. Pardue to testify as to the effect of Ms. Nettles use of phency-clidine (P.C.P.) on her perceptions of reality. In giving his testimony, Dr. Pardue stated P.C.P. “is a hallucinogen which can grossly distort a person’s reality....” At this point an objection from the state was sustained.
La.R.S. 15:463 states:
“Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have.”
An exception for expert testimony is provided in La.R.S. 15:464:
“On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony.”
In State v. Wheeler, 416 So.2d 78, 80 (La.1982) our Supreme Court provided several criteria to follow in weighing whether evidence is fact or opinion and whether it is admissible as expert opinion evidence.
“(1) In deciding whether to admit expert witness testimony, a trial judge should recognize that the foregoing statutory precepts are not detailed, specific rules but broad, guiding principles containing several variables: First, the terms ‘fact’ and ‘opinion’ denote merely a difference of degree of concreteness of description or a difference in nearness or remoteness of inference. The opinion rule operates to prefer the more concrete description *156 to the less concrete, the direct form of statement to the inferential. Second, the purpose for which the testimony is admitted should have an effect upon the degree of concreteness required....
Third, the preference for direct, concrete testimony and the reluctance to admit opinions and inferences as to matters crucially at issue are somewhat relaxed, if the opinion or inference to be expressed may be classified as expert testimony. To warrant the use of expert testimony two elements are required: (a) the subject of the inference must be so distinctly related to some science, profession, business or occupation as to be beyond the understanding of the average layman; and (b) the witness must have sufficient skill, knowledge or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier of fact in his search for truth.”
The testimony of Dr. Pardue was offered to impeach Donna Nettles’ credibility. Any testimony regarding her competency and ability to perceive reality are well within Dr. Pardue’s expertise as a psychiatrist and would have served to assist the jury in its determination of her reliability and credibility. This testimony should have been admitted. However, the failure of the trial court to allow this testimony does not constitute reversible error. There was other sufficient testimony by Dr. Pardue regarding Ms. Nettles reliability and credibility which the jury could have considered in weighing her statements. That testimony consisted of the following.
Dr. Pardue’s examination of Ms. Nettles was made while she was incarcerated awaiting trial on a charge of armed robbery. His examination consisted of taking a history from her and performing a mental status examination. The purpose of the examination was to obtain information about her childhood, her past psychiatric history, her use of narcotics, the relation between her activities and the charge against her and to test her ability to put forth this information in a meaningful manner and to assist in her own defense.
He testified she had a diagnosis of continuous cocaine abuse, continuous opiate abuse and continuous P.C.P. abuse with an adjusted disorder like impressive Snood. She also had a diagnosis of mixed personality disorder.
Dr. Pardue testified that while she admitted her involvement with drugs, it was his opinion that she may have exaggerated her drug abuse in an attempt to convince him that she was not competent to stand trial. In addition, he testified that she was upset, depressed and anxious and that there was a substantial amount of impairment of her ability to distinguish right from wrong and that her use of P.C.P. could grossly distort reality.
This assignment of error is without merit. See, State v. Chapman, 410 So.2d 689 (La.1981); C.Cr.P. Art. 921.
ERRORS PATENT:
A review of the record reveals a great deal of confusion and incompleteness. The January 15, 1986 minute entry describes the voir dire of jurors as the first day of trial with the jurors adjourned to January 16, 1986. No mention is made of defendant’s presence on January 15th and no minute entry exists for January 16th nor is there any trial transcript or transcript of any kind, lodged in this Court or in the district court, of any trial or other proceedings on either the 15th or 16th of January. The only evidence in the record that trial was held on dates prior to January 21,1986 is the trial court’s opening remark to the jurors on page one of the trial transcript of January 21st, “welcome again” and the minute entries of January 21st and 22nd referring to these dates as the third and fourth days of trial. We cannot determine if defendant was present on the unrecorded trial dates and his presence is not noted on any of the recorded dates. We can only be sure he was present on the date he testified.
Code of Criminal Procedure Art. 831 mandates:
“A defendant charged with a felony shall be present:
(1) At arraignment;
*157 (2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made;
(3) At the calling, examination, challenging, impaneling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absent himself.”
A defendant’s absence from the above proceedings is permissible only where that absence is affirmatively and knowingly given. C.Cr.P. Art. 832.
Under these circumstances, we conclude that a contradictory hearing is necessary to determine if the defendant was in fact present at all phases of his trial and, if not, if he affirmatively and knowingly waived his presence.
Since we find no trial error except for the deficiencies in the trial court minutes and transcript, it is not necessary at this time to reverse the conviction and order a new trial, because the error might be eliminated upon a contradictory proceeding below. We reserve to the trial judge the power to grant a new trial should she determine that the defendant was not present at all stages of the proceedings as required by C.Cr.P. Art. 831. If, on the other hand, the trial judge determines, after a contradictory hearing that the defendant was present as required by Art. 831, or absent as provided by Art. 832, the right to appeal from such ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed. State v. Senegal, 333 So.2d 639 (La.1976).
The case is, therefore, remanded to the district court for further proceedings in accordance with this opinion.
CONVICTION AND SENTENCE AFFIRMED, REMANDED.
At the request of Judge Ward, his concurring opinion has been withdrawn. He now concurs without reasons in the result reached by the majority.