BYRNES, Judge.
On March 29, 1993, the defendant, Carl J. Lightell, through counsel, pled not guilty to the second degree murder of Edmond Black. On September 20, 1993, the defense filed a motion for a sanity commission. A sanity hearing was conducted on November 30, 1993, at which both members of the sanity commission, Dr. Paul Kantack and Dr. Rafael Salcedo, were examined, documents were admitted into evidence, and the court found the appellant not competent to proceed to trial. Following care and treatment at the Feliciana Forensic Facility, another sanity hearing was held on January 26, 1995. The commission members again testified. At this second sanity hearing, the appellant was found competent to proceed to trial.
On February 14, 1995, the defense filed a motion to amend the plea from not guilty to not guilty by reason of insanity, which motion was granted by the court. On April 4, 1995, the State then filed a motion for the appointment of a sanity commission after a plea of insanity, to determine “the defendant’s mental condition at the time of the offense.” Letters from the sanity commission members indicate that they examined the defendant on June 20, 1995, and interviewed others, and concluded that the defendant was able “to distinguish between right and wrong, and to appreciate the probable and natural causes of his behavior,” on the day of the alleged offense.
On November 22, 1995, the defense filed another motion for appointment of a sanity commission “to determine whether the defendant [was] able to assist counsel in preparing his defense.” On January 9, 1996, the State moved for an independent medical examination by the district attorney’s expert, Dr. Sarah DeLand, which motion was granted. On April 11, 1996, the court ordered the Indigent Defender Board to defray the expenses of defense expert, Dr. Debra DePrato.
Dr. DeLand, in her report filed into the record on April 15, 1996, based on evaluations done February 16, 1996 and February 28, 1996, concluded that the defendant was competent to proceed to trial. Dr. DePrato, in her report filed into the record on May 15, 1997, based on evaluations done February 6, 1997 and May 13, 1997, found that the defendant was able to un *69 derstand the proceedings against him, but was unable to proceed to trial. Also on May 15, 1997, Drs. Kantack and Salcedo of the sanity commission, each submitted a letter to the court, based on evaluations done that date, which indicated that the defendant was competent to proceed to trial.
On January 6, 1998, after specifically finding that the defendant was competent to proceed, the court accepted the defendant’s guilty plea, under N.C. v. Alford,[1] to the reduced charge of manslaughter, in accordance with a plea agreement with the State, which was accepted by the court. On April 23, 1998, the court sentenced the defendant to eighteen years at hard labor.
| STATEMENT OF FACTS[2]
On the afternoon of February 19, 1993, the defendant met with Edmond Black, a resident of Ironton, on the Mississippi River levee of Ironton, and beat Mr. Black so severely that Mr. Black died. A number of people saw the defendant in the area, and some went to Mr. Black immediately afterwards, who told them that the defendant beat him. The defendant also admitted to one or two police officers that he had beaten Mr. Black.

ERRORS PATENT

A review of the record for errors patent indicates that there were none.

ASSIGNMENT OF ERROR ONE

The appellant avers that the trial court erred in denying the defendant’s motion to withdraw his guilty plea. The appellant avers that the trial court abused its discretion when it summarily denied an alleged pro se motion to withdraw the guilty plea, which defense counsel brought to the court’s attention immediately after sentencing. The appellant acknowledges that a defendant may not withdraw a plea after sentencing simply because the plea is not to his liking. However, the appellant avers that, because the appellant attempted to file his motion to withdraw the plea prior to the sentencing, it was error for the court to summarily dismiss the motion without further inquiry.
La.C.Cr.P. art. 559 A provides that a trial court “may” permit the withdrawal of a guilty plea at any time before sentencing. A defendant has no absolute right to withdraw a previously entered plea of guilty. The court’s decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Pichon, 96-0886 (La.App. 4 th Cir. 11/20/96), 684 So.2d 501, writ denied, 97-0520 (La.9/5/97), 700 So.2d 504.
A defendant who is represented by counsel has no Sixth Amendment right to participate as co-counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); United States v. Wolfish, 525 F.2d 457 (2nd Cir.1975), cert. denied, 423 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976); State v. McCabe, 420 So.2d 955 (La.1982); State v. Bodley, 394 So.2d 584 (La.1981); State v. Martin, 508 So.2d 152 (La.App. 4th Cir.1987), writ denied, 519 So.2d 112 (La.1988).
The appellant was represented by counsel at all pertinent times. The court was thus under no obligation to consider the pro se motion. Moreover, appellant avers that the motion was filed prior to sentencing, and yet defense counsel did not bring the matter to the court’s attention until after the sentencing. It is possible that either the appellant did not inform counsel about the alleged motion until after the sentencing or that counsel and/or the appellant decided to ignore the motion until the sentence was imposed and was harsher than anticipated. It is even possible that the motion was never prepared and filed, as it cannot be found in the record.
*70 In any event, the appellant was given a full recitation of his rights and appeared to the court to understand them. The court was apprised of the factual basis of the plea. Accordingly, the court did not abuse its discretion when it denied the appellant’s alleged pro se motion to withdraw the plea.

ASSIGNMENT TWO

The appellant avers that the trial court erred in accepting his guilty plea before disposing of the issue of the defendant’s competency to proceed to trial. La. C.Cr.P. art. 641 et seq. provide that mental incapacity to proceed exists when, as a result of a mental defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. The statutes further provide that when the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the prosecution until the defendant is found to have the mental capacity to proceed. When the court has reasonable ground to doubt the defendant’s mental capacity to proceed, it shall order a mental examination of the defendant. Further, within seven days after the examination is ordered, the court shall appoint a sanity commission to examine and report upon the mental condition of the defendant. The commission shall be composed of at least two physicians, one of which must be a psychiatrist. A certified clinical psychologist may be substituted for one of the physicians. The defendant and the State are also each entitled to an independent medical examination. The issue of the defendant’s mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney, and are subject to cross-examination by the defense, the district attorney, and the court. Other evidence pertaining to the defendant’s mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney.
The appellant argues that no contradictory hearing was ever conducted following the defense’s motion for appointment of a sanity commission filed on November 22, 1995. The appellant compares this case to State v. Nomey, 613 So.2d 157 (La.1993). In that case, the defendant was charged with two counts of solicitation for the murder of his sister, and with the first degree murder of his sister. In response to the defendant’s motion for the appointment of a sanity commission, the court appointed two doctors who conducted separate mental 1 fiexaminations of the defendant on May 24, 1988. Both doctors dictated their reports that date, but did not file their reports into the record until June. Meanwhile, on or about May 24, 1988, the defendant confessed to the police that he paid Vonzell Johnson, Jr., $2,000.00 to rough up his sister, resulting in her death.
On May 25, 1988, one day after the sanity commission conducted its examinations, defendant Nomey expressed a desire to plead guilty to the charges with the understanding that the State would not seek the death penalty. At the hearing on the plea, it was noted that the defendant had discharged his attorney the evening before and was represented by appointed counsel. The court conducted a Boykin examination and determined that the pleas were knowingly, intelligently and voluntarily entered. The court then sentenced the defendant to life imprisonment without benefits on the murder count and ten-year consecutive sentences on the two solicitation counts. No mention of the sanity commission was made at the hearing on the guilty plea.
The matter was reviewed by application for post-conviction relief. The Second Circuit remanded the case for an evidentiary hearing, at which the trial court determined that the defendant was competent to proceed at the time he entered his guilty pleas. Nomey’s application to the Court of Appeal relative to this ruling was *71 denied. On certiorari, the Supreme Court held that the trial court’s acceptance of the guilty pleas following the appointment of a sanity commission, but prior to a sanity hearing, violated the defendant’s due process rights, and required the nullification of the defendant’s guilty pleas and a remand of the case for further proceedings, even if a retroactive determination of sanity could be made.
The instant case is distinguishable from Nomey in that the trial court was apprised of the examinations of the defendant by the two doctors on the sanity commission, on May 15, 1997, and the two independent medical examinations conducted since the last motion for appointment, and made a finding that the defendant was competent to proceed prior to accepting the defendant’s plea. The only thing lacking was the contradictory hearing. The reports from the medical examinations were all in the record and subject to the court’s review.
Prior to advising the appellant of his Boykin rights, the court stated:
I will take judicial notice of the previous hearings that we’ve had in this matter involving Dr. Salcedo, Kantac, Dr. Deland and any others who may have testified about Mr. Lightell’s prior medical condition.
I make a finding on the basis of the testimony in that case and my observations this morning and the discussions and conversations we’ve had this morning here in the courtroom on the record, I find that Mr. Lightell is competent to proceed.
In State v. Green, 94-0034 (La.App. 4th Cir. 2/16/94), 632 So.2d 1187, writ denied, 94-0672 (La.4/29/94), 637 So.2d 464, this court granted post-conviction relief and vacated the relator’s guilty pleas where the trial court ordered an examination by only one physician, instead of two, and then made his determination, apparently without a hearing, based on the conclusion of the single physician.
This court remanded to the trial court for an evidentiary hearing to determine the merits of the relator’s application and to determine if the proper procedures concerning the appointment of a sanity commission were followed. At the hearing on remand, Green’s new counsel presented evidence from a Dr. Zimmerman that the defendant lacked the mental capacity to freely and voluntarily plead guilty to the charges, and that Dr. Juarez’s report failed to indicate that he had performed the assessment tests necessary to determine the defendant’s ability to understand the rights he was waiving. Nevertheless, following that hearing, the trial court concluded that the defendant faded to meet his burden of proving that the guilty pleas were not knowingly and voluntarily made.
This court then held that the trial judge’s actions fell “woefully short” of what the Code of Criminal Procedure requires when a defendant files a motion for an appointment of a sanity commission. The court noted that the trial judge erroneously had the defendant examined by only a single physician, and further did not conduct a proper contradictory hearing on the issue. This court further found that counsel was inadequate for permitting this mentally retarded defendant to plead guilty and for failing to object to the lack of proper procedure. This court noted that defendant Green did not even verbally respond to questions at the guilty plea hearing, but merely nodded. The court found that the ineffective assistance of counsel claim satisfied both prongs of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in that counsel’s performance was deficient, and the defendant was prejudiced.
Unlike Green, the instant defendant was not retarded, but has a mental disease known as bipolar disorder. As noted by appellant counsel, this defendant’s condition may fluctuate. As noted by the physicians and the trial court, the appellant’s condition may be controlled by drugs. The court questioned the defendant at the *72 guilty plea hearing and determined that he was taking the drugs necessary to control his mental disease.
Unlike Nomey, this defendant had the same counsel at his plea that he had throughout his proceeding.[3] Counsel failed to object to the court’s failure to conduct a formal hearing. From the reports, it is probable that counsel did not request a hearing because the evidence which would have been adduced would only confirm that the defendant was competent to proceed. The most recent reports from the members of the sanity commission indicated that the defendant was competent to proceed to trial.[4] The defendant was responsive to all questions posed to him at the guilty plea hearing. Accordingly, considering that the appellant pled guilty to a reduced charge, the failure of counsel to object was likely trial strategy, which does not support a claim of ineffective assistance of counsel. State v. Bienemy, 488 So.2d 1105 (La.App. 4th Cir.1986).
Considering that the defendant was not prejudiced by the failure of counsel to object, or to the failure of the court to conduct a contradictory hearing, any error by counsel or the court was harmless.
The conviction and sentence is affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. The facts were presented by the prosecutor at the defendant’s guilty plea, so that the trial court could determine if there was a factual basis for the plea.

. Timón Webre of the Indigent Defender Board represented the defendant as co-counsel from May 16, 1997 to September 18, 1997; however, Peter Barbee represented the defendant at all pertinent times.

. Even the defendant’s independent medical examiner, Dr. DePrato, found the defendant was able to understand the charges against him, but noted that the defendant’s delusions could be a factor in his ability to assist in his defense. She also expressed concern that the defendant would decompensate from the stress of trial and suggested that he be followed closely by a mental health center during a major trial. By contrast, the State’s independent medical examiner, Dr. DeLand, found the defendant was competent to proceed under all legal criteria.